UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.                                                            Case No: 8:14-cv-565-T-30EAJ

SARASOTA HOUSING AUTHORITY
and U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion to Subpoena Witnesses (Dkt. #4), Motion to Have the Court Waive the Fees/Costs Associated with Accessing PACER and CM/ECF (Dkt. #5); Motion to Compel Discovery (Dkt. #6); Motion to Have Pro Bono Public Attorney Appointed to Represent the Plaintiff (Dkt. #7); and Motion to Set a Trial Date and an Expedited Preliminary Hearing (Dkt. #8). Upon review and consideration, it is the Court's conclusion that the Motions should be denied.

Plaintiff brings this action *pro se* against Defendants alleging violation of his civil rights, and tortious acts including negligence, intentional infliction of emotional distress and tortious interference with family relations. The basis of Plaintiff's claims is that the Defendants denied him "Section 8" subsidized housing. Plaintiff has filed an Affidavit of Indigency to obtain leave to proceed *in forma pauperis*.

Plaintiff has not alleged or filed any pleading showing that he has served either Defendant. Therefore, Plaintiff's Motions are premature. Further, to the extent that Plaintiff demands that the Court pay for the fees associated with issuing subpoenas and accessing PACER and CM/ECF for electronic filing, the Court has no grounds to do so.

As to Plaintiff's request for appointment of counsel, a district court has discretionary authority under 28 U.S.C. § 1915(e)(1) to appoint counsel for indigent litigants in civil cases. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). However, a plaintiff in a civil case has no constitutional right to counsel.  *Id.*; *Killian v. Holt*, 166 F.3d 1156 (11th Cir. 1999). "Appointment of counsel in civil cases is . . . a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner."  *Kilgo v. Ricks,* 983 F.2d 189, 193 (11th Cir. 1993) (quotations and citation omitted) (brackets in original); *see also Holt v. Ford*, 862 F.2d 850 (11th Cir. 1989). Upon reviewing the pleadings and record in this action, the Court concludes that there are no exceptional circumstances to merit the appointment of counsel.

Plaintiff is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure.[1]  Failure to do so could result in sanctions, including dismissal of the complaint.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

---

[1] For more information regarding *pro se* representation in civil proceedings, please see the Middle District of Florida's website at http://www.flmd.uscourts.gov/pro_se/default.htm#.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Subpoena Witnesses (Dkt. #4) is DENIED as premature.

2. The Clerk may not issue any subpoenas in this case until the filing fee is paid or the Court determines Plaintiff's *in forma pauperis* status.

3. Plaintiff's Motion to Have the Court Waive the Fees/Costs Associated with Accessing PACER and CM/ECF (Dkt. #5) is DENIED.

4. Plaintiff's Motion to Compel Discovery (Dkt. #6) is DENIED as premature.

5. Plaintiff's Motion to Have Pro Bono Public Attorney Appointed to Represent the Plaintiff (Dkt. #7) is DENIED.

6. Plaintiff's Motion to Set a Trial Date and an Expedited Preliminary Hearing (Dkt. #8) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of March, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-565 various motions 4 5 6 7 8.docx