## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RONALD SATISH EMRIT,**

    **Plaintiff,**

v.                                                                          Case No.: 8:14-CV-565-T-30EAJ

**SARASOTA HOUSING AUTHORITY,**
et al.,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court is pro se Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the Court construes as a motion for leave to proceed in forma pauperis.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Plaintiff is single and lists one dependent, his relationship to the dependent being she is his roommate and ex-girlfriend. Plaintiff's affidavit indicates that he is unemployed but that he worked as a cashier and stocker at Office Depot from August 2011 to September 2011. Plaintiff discloses

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 2). See 28 U.S.C. § 636(b)(1) (2009).

that he receives $650 a month from disability insurance and received $31,000 as a legacy in a will in the last twelve months. Plaintiff states that he "is indigent as he owns no real estate" and pays $159 a month for an apartment subsidized through Section 8 housing. Plaintiff owns a Mercedes C-230 worth $1,500 and has a total of $260.71 in available cash. Plaintiff also reports that he is in default on his student loans that total $200,000, and he owes $350 to Verizon and $300 to National Grid. However, Plaintiff's affidavit is not notarized as required. Based on the foregoing, the Court is unable to make a determination on Plaintiff's motion to proceed in forma pauperis.

Further, Plaintiff's complaint is subject to dismissal because it fails to state a claim. Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although the Rules require no technical form for pleading, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

The majority of Plaintiff's handwritten, twelve-page complaint is dedicated to generalized factual allegations regarding Plaintiff not being placed on the Sarasota Housing Authority waiting list for public housing due to his disabilities. The complaint alleges that Defendants violated the Americans with Disabilities Act, the Housing Act of 1937, the Housing and Community

Development Act of 1992, the Fair Housing Act, the McKinney-Vento Homeless Assistance Act, the Equal Protection Clause, Due Process Clause, the Privileges and Immunities Clause. Further, Plaintiff alleges Defendants committed negligence, intentional infliction of emotional distress, and tortious interference with family relations

Plaintiff asserts that he applied for public housing benefits in the summer of 2012, and he received a letter from the Sarasota Housing Authority that it was not accepting *any* new applications and its waiting list would be closed for two to three years. Plaintiff contends that Defendants violated the law by not providing him housing because he is "clearly disabled."[2] However, if a public housing authority ("PHA") "determines that the existing waiting list contains an adequate pool for use of available program funding, the PHA may stop accepting new applications, or may accept only applications meeting criteria adopted by the PHA." 24 C.F.R. § 982.206(c). Despite his allegations, Plaintiff's complaint provides no information to determine that he was denied housing *solely* based on his disability. Nor has Plaintiff provided any information that he met criteria established by the Sarasota Housing Authority to join the waiting list. Therefore, the complaint does not state a claim that entitles Plaintiff to relief.[3]

---

[2] Section 504 of the Rehabilitation Act of 1973 provides:
No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, *solely* by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.
29 U.S.C. § 794 (emphasis added).

[3] Plaintiff filed a Notice of Pendency of Other Actions (Dkt. 10), listing Emrit v. Miami-Dade Cnty. Pub. Hous. and Cmty. Dev. et al., Case No. 14-cv-20890, (S.D. Fla., filed Mar. 10, 2014). That action was dismissed on March 12, 2014 as frivolous and for failing to state any claims upon which relief could be granted.

Accordingly and upon consideration, it is **RECOMMENDED** that:

    (1)    Plaintiff's motion to proceed in forma pauperis (Dkt. 2) be **DENIED**; and

    (2)    Plaintiff's complaint (Dkt. 1) be dismissed for failure to state a claim.

**Date: April 1, 2014**

ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff