## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RONALD SATISH EMRIT, *pro se,*

      Plaintiff,

v.                                    Case No: 8:14-cv-565-T-30EAJ

SARASOTA HOUSING AUTHORITY
and U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

      Defendants.

_____

## <u>ORDER</u>

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Recusal of Magistrate Judge Elizabeth A. Jenkins (Dkt. #13) and Plaintiff's Motion to Change Venue (Dkt. #14). After careful review and consideration, it is the Court's conclusion that the Motions should be denied.

Plaintiff, Ronald Satish Emrit, *pro se*, filed the Motion for Recusal of Magistrate Judge Elizabeth A. Jenkins on the basis of her Report and Recommendation regarding his Motion to Proceed *in forma pauperis* (Dkt. # 11). In the Report and Recommendation, the Magistrate Judge recommends that the motion be denied and that the case be dismissed for failing to state a cause of action. The Report and Recommendation also noted that Plaintiff filed a related case in the Southern District of Florida, *Emrit v. Miami-Dade County Public Housing and Community Development, et. al.*, Case No.: 14-cv-20890, which the Southern

District court dismissed as frivolous in a paperless order on March 12, 2014. Plaintiff asserts that the Magistrate Judge made an erroneous proclamation regarding the disposition of that case. The Court has reviewed the docket entry in that matter and confirmed that the case was in fact dismissed as frivolous.

A federal district judge must recuse himself or herself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Whether recusal is warranted turns on "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986).

Plaintiff has presented no legal basis for which the Magistrate Judge should recuse herself. Plaintiff's request for recusal and to change venue are both based on the Magistrate Judge's adverse recommendations. Adverse rulings do not constitute a basis for disqualification. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Adverse rulings are proper grounds for appeal, not recusal. *Id.* Therefore, the Motions are due to be denied.

ACCORDINGLY, it is therefore, **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Recusal of Magistrate Judge Elizabeth A. Jenkins (Dkt. #13) is DENIED.

    2.      Plaintiff's Motion to Change Venue (Dkt. #14) is DENIED.

    **DONE** and **ORDERED** in Tampa, Florida, this 21st day of April, 2014.



                                    JAMES S. MOODY, JR.
                                    UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

S:\Odd\2014\14-cv-565 recuse 13 venue 14.docx